# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**JOSHUA N. BIVENS and
others similarly situated,**

    **Plaintiffs,**

v.     No.: _____

**LOVE'S TRAVEL STOPS &
COUNTRY STORES, INC.,**     **JURY DEMAND**
                                       **FLSA COLLECTIVE ACTION**

    **Defendant.**

## COMPLAINT

PLAINTIFF, Joshua N. Bivens, brings this action against the Defendant on behalf of himself and others similarly situated.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. and Tennessee law.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court has personal jurisdiction over the Plaintiff, who is a resident of, Tennessee and the Defendant, who does business in the State of Tennessee.

3. Venue also lies in this Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Love's Travel Stops & Country Stores, Inc. (hereinafter "Defendant"). During his employment with Defendant, Plaintiff was a covered employee under the FLSA.

5. The Defendant is a business engaged in commercial enterprise. It is a covered employer under the FLSA.

6. In addition to the named Plaintiff, Defendant employs and has employed within the last six years additional similarly situated employees.

## II.  INTRODUCTION

7. Plaintiff bring this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of himself and other employees of Defendant who were denied overtime compensation and straight time compensation because they work performed "off the clock" for which they were not compensated. The collective action claims are for unpaid straight time, overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b) and Tennessee law.

## III.  FACTUAL BASIS FOR SUIT

8. Defendant has employed Plaintiff within the six, three, and two year statutes of limitation at issue in this case.

9. During Plaintiff's employment, he performed work in excess of forty (40) hours per week on a regular and repeated basis.

10. In addition to Plaintiff, other similarly situated hourly employees of Defendant performed work in excess of forty (40) hours a week on a regular and repeated basis.

11. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

12. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

13. Plaintiff was regularly and repeatedly worked "off the clock," thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation for all hours worked over forty (40).

14. Likewise, other similarly situated employees were regularly and repeatedly worked "off the clock" in excess of forty (40) hours per workweek.

15. The "off the clock" work performed by Plaintiff and other similarly situated employees was either performed at the request of management or when management would illegally edit the time records of Plaintiff and other similarly situated employees, depriving them of wages, including overtime wages.

16. Defendant knew or should have known of this "off the clock" work because it occurred in plain sight and at the instruction of Defendant. Furthermore, management was responsible for the illegal editing of time records.

17. Defendant's intentional failure to pay Plaintiff and other similarly situated employees all of their overtime wages are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

18. Defendant suffered and permitted Plaintiff and other similarly situated employees to routinely work more than (40) hours per week without proper overtime compensation.

19. Defendant knew that Plaintiff and other similarly situated employees performed work that required overtime pay at one and one-half times their regular rate of pay.

20. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1). As a result, Plaintiff and other similarly situated employees suffered lost wages.

21. Furthermore, Defendant has been unjustly enriched as a result of accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of Plaintiff and the collective class without proper compensation.

22. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and other similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to Plaintiff and other similarly situated employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

23. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for straight time, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper straight time and overtime compensation for at least six (6) years prior to the filing of this complaint. These claims are also proper for collective action treatment. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages,

interest, attorneys' fees, and costs under the FLSA and Tennessee law.

## IV.  CAUSES OF ACTION

24. The forgoing facts are incorporated by reference as if fully stated herein, and a jury is hereby demanded.

25. Plaintiff, on behalf of himself and others similarly situated, brings the following cause of action against Defendant:

> A. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938;
>
> B. Quantum Meruit/Unjust Enrichment/Breach of Contract; and
>
> C. Violation of the Tennessee Wage Regulation Act.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

26. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt employees during the six (6) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit.

27. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and similarly situated persons who opt into this action;

28. A declaratory judgment that Defendant's violations of the FLSA were willful.

29. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid straight time and overtime compensation to be proven at trial.

30. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them

pursuant to 29 U.S.C. § 216(b);

31. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

32. An award of such other and further legal and equitable relief as may be appropriate.

    Respectfully submitted,

    GILBERT RUSSELL McWHERTER PLC

    s/Clinton H. Scott
    CLINTON H. SCOTT #23008
    101 North Highland
    Jackson, Tennessee 38301
    (731) 664-1340
    (731) 664-1540 Facsimile
    cscott@gilbertfirm.com

    MICHAEL L. RUSSELL (20268)
    Gilbert Russell McWherter PLC
    1616 Westgate Circle, Suite 228
    Brentwood, Tennessee 37026
    (615) 467-6372
    (731) 664-1540 Facsimile
    mrussell@gilbertfirm.com

    *ATTORNEYS FOR PLAINTIFF*